**NAUTILUS INSURANCE COMPANY, Plaintiff,**

v.

**DOLPHIN POOLS CORPORATION, et al., Defendants.**

**Civ. A. No. 89–3394.**

United States District Court, District of Columbia.

Feb. 16, 1990.

Edwin A. Sheridan, Doherty, Sheridan & Grimaldi, Fairfax, Va., and John J. Dillon, Montedonico & Mason, Chartered, Rockville, Md., for Econo Lodges of America, Inc.

Ronald G. Guziak, Brault, Graham, Scott & Brault, Washington, D.C., for 1600 New York Avenue Corp., Winberg Management, Inc. and Winberg Development Co., Inc.

D'Ana E. Johnson and Donald Johnson, Allen, Johnson, Alexander & Karp, Washington, D.C., and James W. Hopper and Warren H. Britt, Parvin, Wilson, Barnett & Hopper, Richmond, Va., for Nautilus Ins. Co.

Perry J. Becker, Bowie, Md., for Rosalie Casabeer.

Robert L. Ellis, Siciliano, Ellis, Dyer & Boccarosse, Fairfax, Va., Henry W. Counts, Alexandria, Va., Bankruptcy Counsel, for Dolphin Pools Corp.

Michael Nussbaum and Lori E. Fox, Nussbaum & Wald, Washington, D.C., for Spergel plaintiffs.

## MEMORANDUM OF OPINION AND ORDER

REVERCOMB, District Judge.

This is an action for declaratory relief as to plaintiff Nautilus Insurance Company's ("Nautilus") obligations, if any, to its insured, Dolphin Pools Corporation ("Dolphin Pools") in two different lawsuits, *Casebeer v. The Block Corporation, et al.,*[1] and *Spergel v. Econo Lodges of America, Inc., et al.*[2] At bar are the cross-motions for summary judgment of all parties save defendant Rosalie Casebeer. The Court has considered all of the motions for summary judgment and the oppositions thereto, and the exhibits and documents filed therewith, including the parties' Stipulations, and the complete records and files of this action. All parties have had an opportunity to be heard on February 16, 1990.

---

1. Civil Action Number 88–01171 in the District of Columbia Superior Court.

2. Civil Action Number 89–0480, now pending before this Court.

■ With respect to the issue of whether Nautilus has a duty to defend and indemnify Dolphin Pools in connection with the *Casebeer* action, plaintiff's motion for summary judgment is GRANTED. Nautilus Policy P008005 did not cover Dolphin Pools' lifeguard services. There is absolutely no dispute that Dolphin Pools intended the Nautilus policy to cover *only* its construction and maintenance operations, and *not* its lifeguard services. The insurance agent for Dolphin Pools since 1983, Warren G. Cox, testified in his deposition that, prior to 1987, he had obtained "Lifeguard Liability" insurance to cover risks associated with Dolphin Pools' lifeguard services. In 1987, however, the President of Dolphin Pools specifically instructed Mr. Cox *not* to seek any such coverage because the insurance was too expensive. "He said it is too high, he'll go bare." Mr. Cox further testified several times in his deposition that when he applied for the Nautilus policy in April of 1988, Nautilus in April 1988, he was *not* seeking a quote for lifeguard liability.

Both the Dolphin Pools' application and the policy itself conclusively establish that the parties did not intend to cover Dolphin Pools' lifeguard operations under Policy P008005. The application contains *no* reference whatsoever to Dolphin Pools' lifeguard operations and nowhere indicates that Dolphin Pools' sought coverage that service. See Plaintiff's Exhibit A. The application consistently described the business as "swimming pool construction and maintenance," without any reference to lifeguard operations. The application's Schedule of Hazards makes no reference to lifeguard services and codifies the "swimming pool" hazard as "17986," a code that specifically *excludes* lifeguard operations.

In each and every reference to swimming pool accidents (versus maintenance-related accidents) the application represents that the accident was covered by an unrelated "Professional Liability" policy.

The Nautilus policy itself contains no reference whatsoever to Dolphin Pools' lifeguard services.[3] (In fact, Nautilus does not even write lifeguard coverage.) Again, the business is described as "swimming pool construction and maintenance." Plaintiff's Exhibit B, page 1. The Hazard is described as "swimming pools-above ground installation-service or repair-including completed operations"[4] and again is classified as "17986."

Thus, the facts of record conclusively demonstrate that Policy P008005 did not cover Dolphin Pools' lifeguard services. There are no facts of record (nor does defendant Embassy Row even assert) that the drowning in the *Casebeer* action resulted from Dolphin Pools' construction or maintenance operations. Summary judgment in favor of plaintiff Nautilus and against defendants Embassy Row and Rosalie Casebeer shall be entered.

■ The *Spergel* case, however, presents a much different scenario since a reasonable jury could find that the decedent drowned as a result of Dolphin Pools' negligent pool maintenance operations. The parties' cross-motions for summary judgment ask the Court to determine as a matter of law whether the lifeguard's alleged negligence in failing to close the pool constituted a "superceding, intervening cause" or a "concurrent cause" of the drowning. The Court can not make such a ruling on the factual record now before it. Defendants present a strong record tending to show that the lifeguard's conduct

---

3. Defendant Embassy Row points to the following language as providing coverage for *all* of Dolphin Pools' operations:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage *to which this insurance applies*, cause by an occurrence, and arising out of the ownership, maintenance or use of the *insured premises* and all operations necessary or incidental to the business of the named insured conducted

at or from the *insured premises*. Plaintiff's Exhibit B, MP 00 93, ¶ 1.
This language does not on its face provide that the lifeguard services are covered, *especially* when the "insured premises" are described as "swimming pool construction and maintenance" without reference to lifeguard services. Plaintiff's Exhibit B, p. 1.

4. According to the insurance industry standards, this description does not included lifeguard operations.

was a "concurrent cause" of the accident. Accordingly, plaintiff's motion for summary judgment must be DENIED. However, the defendants' motions for summary judgment must also be DENIED as to Nautilus's duty to indemnify Dolphin Pools.[5] Although it is unlikely, a reasonable jury could conclude from the facts before this Court, that the lifeguard's negligence constituted a "superceding, intervening cause."

Hence, Nautilus has a duty under the policy to defend Dolphin Pools. Whether Nautilus has a duty to indemnify Dolphin Pools depends on a factual determination of the causation issue. Nautilus' declaratory relief action is STAYED until resolution of the *Spergel* matter.

---

5. Defendants' motions for summary judgment as to Nautilus's duty to defend are GRANTED.